

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2003

# USA v. Martin

Precedential or Non-Precedential: Non-Precedential

Docket 02-1435

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Martin" (2003). *2003 Decisions*. Paper 653.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/653

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1435
_____

UNITED STATES OF AMERICA,

v.

TYRONE MARTIN,
Appellant.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 00-cr-00710)
District Judge: Eduardo C. Robreno

_____

Argued on February 13, 2003

BEFORE:     ALITO and McKEE, <u>Circuit Judges</u>, and SCHWARZER,[*] <u>Senior</u>
<u>District Judge</u>

(Filed: April 16, 2003)

JOSEPH D. MANCANO (ARGUED)
Britt, Hankins, Schaible & Moughan
Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102

*Attorney for Tyrone Martin, Appellant*

JOSEPH G. POLUKA (ARGUED)

_____

[*]Honorable William W Schwarzer, Senior District Judge, Northern District of
California, sitting by designation.

Assistant United States Attorney
PATRICK L. MEEHAN
United States Attorney
LAURIE MAGID
Deputy United States Attorney for Policy and
Appeals
ROBERT A. ZAUZMER
Assistant United States Attorney, Senior
Appellant Counsel
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Attorneys for Appellee United States of
America*

———————————

OPINION OF THE COURT

———————————

SCHWARZER, Senior District Judge

Tyrone Martin appeals from his conviction of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Martin contends that the district court committed two errors entitling him to a new trial: (1) that the court erred in denying his motion to suppress evidence illegally seized from his vehicle, and (2) that it erred in receiving testimony from the government's expert witness regarding Martin's intent. We review the district court's factual findings for clear error and exercise plenary review of the court's application of the law to those facts. *United States v. Peréz* 280 F.3d 318, 336 (3rd Cir. 2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

(1)  On the night of February 6, 2000, between the hours of 3:30 and 11:30 p.m., Officers Whitaker and Fletcher were patrolling a section of Northwest Philadelphia in an unmarked car wearing plainclothes.  The 35th district, to which they had been assigned for five and four years, respectively, had recently received calls from citizens concerning drug activity in the area, and the officers knew of those calls and, while on duty that night, observed narcotics sales in the area.  At around 11:00 p.m., the officers saw a gold 2000 Ford Expedition circle the block three or four times.  The officers observed that the vehicle had New Jersey plates and bore an emblem indicating that it was a rental car.  It had snowed recently, and as a result of the plowing, only one lane was open on Medary Street.  As Martin circled the block, his car came face to face with the unmarked police car in the one lane open to traffic, and both cars stopped.  The officers identified themselves as policemen, ordered Martin out of his car and asked to see his driver's license.  This investigatory stop eventually led to a search of the car, which disclosed a gun, ammunition and drugs.

While there appeared to be inconsistencies in the arresting officers' testimony, the district court found it undisputed that the following facts were known by the police officers before they approached Martin's vehicle: (1) Martin was driving his vehicle late at night; (2) he circled the block three or four times; (3) the area of the block was one where there was on-going drug activity; (4) he was driving a rented vehicle with out-of-state tags; and (5) the two officers respectively had four and five years' experience as Philadelphia police officers.

-3-

Martin contends that these five factors do not amount to unusual conduct and do not create reasonable suspicion of criminal activity to justify the stop of Martin's vehicle. We disagree. In *United States v. Arvizu*, 534 U.S. 266 (2002), the Court rejected the lower court's "evaluation . . . of . . . the listed factors in isolation from each other." *Id.* at 274. "[R]eviewing courts . . . must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *Id.* at 273 (citations omitted).

Here, the information known to the officers at the time of the investigatory stop is substantially similar to that which was known to the officers in *United States v. Rickus*, 737 F.2d 360 (3rd Cir. 1984). There, we held that an investigatory stop by experienced police officers was supported by reasonable suspicion where the officers first observed the defendants' vehicle driving through a closed business district at 3:30 a.m. at 15-20 miles per hour below the speed limit and then turn into a residential area that had recently been victimized by a spate of burglaries. 737 F.2d at 365. We think our decision in *Rickus* is dispositive.[1]

(2) Martin also contends the district court erred in receiving certain testimony from the government's expert witness. The prosecutor asked Detective Matthew McDonald, "hearing all of the evidence and reviewing the relevant documents and testimony and exhibits, can you form an opinion as to . . . whether the amount of drugs in this case as

---

[1]Martin's appeal does not challenge the subsequent search of his vehicle for lack of probable cause.

-4-

found in the lab, 24.49 grams, was consistent with possession with intent to distribute?" The witness responded, "[y]es, sir, I have no doubt that the drugs possessed in this case were possessed with the intent to distribute." Later in the examination, the prosecutor asked the witness whether, if the amount of drugs were 2.86 grams rather than 24.49 grams, his opinion would change. The witness responded, "if it stood alone, it would be certainly questionable, but due, again, to the totality of the situation, I think that two or three grams would be held for resale also."

Because Martin did not object or move to strike, we review for plain error. Plain error requires a showing there was "(1) an error; (2) which is clear or obvious; and (3) which affects substantial rights (i.e., it affected the outcome of the district court proceedings)." *United States v. Navarro*, 145 F.3d 580, 584-85 (3d Cir. 1998) (citing *United States v. Olano*, 507 U.S. 725, 733-34 (1993)). Citing *United States v. Watson*, 260 F.3d 301 (3rd Cir. 2001), Martin argues that the government violated Federal Rule of Evidence 704 by eliciting testimony from Detective McDonald regarding Martin's *mens rea*. However, the prosecutor's questions in *Watson* asked whether the witness had "formed an opinion, as to whether or not the substance . . . was possessed with the intent to distribute . . .?" *Id*. at 305-06. The court held that "the Government violated Rule 704(b) by repeatedly eliciting from its experts testimony as to Watson's mental state and the purpose of his actions." *Id*. at 310. Here, the prosecutor asked a different question—whether the amount of drugs found was consistent with intent to distribute—not aimed at eliciting testimony as to Martin's particular state of mind. Although Detective

McDonald's answer referred to Martin's intent, and may have been subject to being struck had Martin moved to strike, the court's failure to strike it *sua sponte* was not plain error and did not affect Martin's substantial rights.

For the foregoing reasons, we affirm.

_____

TO THE CLERK:

Please file the foregoing opinion.

   /s/ William W. Schwarzer   
Senior District Judge